OPINION
On September 22, 1998, Appellant entered a plea of guilty to one count of burglary, a violation of R.C. § 2911.12(A)(2), a second degree felony.
In consideration of the plea, the State of Ohio agreed to recommend judicial release in six months.
By Entry filed November 2, 1998, the trial court sentenced Appellant to four years incarceration in the Ohio state prison system.
On June 17, 1999, the court granted Appellant judicial release pursuant to R.C. § 2929.20 and placed him on community control upon the condition that he successfully complete the re-entry program at the Licking Muskingum Community Correction Center in Newark, Ohio.
On July 22, 1999, the court was notified by the Center that Appellant had failed to successfully complete said program.
On August 19, 1999, Appellant pled guilty to a violation of his probation and the trial court reinstated Appellant's original four year sentence.
On November 7, 2000, Appellant filed a motion captioned "Motion for Leave to Correct Sentence Pursuant to O.R.C. 2911.12(A); Crim Rule 32".
On November 21, 2000, the trial court filed an Entry denying Appellant's motion for judicial release.
On November 29, 2000, Appellant moved the court for reconsideration and correction of his sentence and requested a modification of same.
On December 12, 2000, the trial court overruled Appellant's motion for reconsideration.
Appellant now appeals his sentence, assigning the following error:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO CORRECT SENTENCE, PURSUANT TO SECTION 2911.12.
Appellant claims that the trial court erred in overruling his motion to correct and/or modify his original four year sentence. We disagree.
Appellant pled guilty to a second degree felony. The available prison terms for a second degree felony are contained in R.C. § 2929.14, which provides:
R.C. § 2929.14 Basic Prison Terms
 (A) Except as provided in * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter and is not prohibited by division (G)(1) of section 2929.13 of the Revised Code from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:(1) * * * (2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
 (B) Except as provided in division * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In his brief, Appellant claims that "the trial court transcript reveals that while the court attempted to comply with the mandates of §2929.14 through the blanket assertion that it had considered `all of the required factors to make necessary findings of law for imposition of sentence. The trial court did not do so'." (Appellant's Brief, P.3).
We have reviewed the record, and find that no transcript of the proceedings was furnished to this court in accordance with App. R. 9(B):
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, he shall include in the record a transcript of all evidence relative to such findings or conclusion
The duty to provide a transcript for appellate review falls upon appellant. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower courts proceedings, and affirm." Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197, 199.
Appellant has only attached pages 3 and 4 of the transcript from the November 2, 1998, sentencing hearing and pages 3 and 9 of the August 18, 1999, probation violation hearing.
Because appellant has failed to provide this court with those portions of the transcript necessary for resolution of the assigned errors, i.e. the complete transcript of the November 2, 1998, sentencing hearing and the complete transcript of the August 18, 1999, probation violation hearing, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth above in Knapp, supra.
Nevertheless, in the case sub judice, the record demonstrates that Appellant had previously served four months in Lorain Correctional Institution on a felony drug conviction, therefore the Court was not required to sentence the Appellant to the "shortest prison term authorized for the offense" under R.C. § 2929.14(B).
A review of the few pages of the transcripts provided reveals that the trial court did, however, state its reasons for sentencing Appellant to greater than the minimum sentence and proceeded to sentence Appellant to four (4) years.
This court is limited to a review of the order appealed from, and we conclude that the trial court did not err when it overruled appellant's motions to modify sentence.
Appellant's sole assignment of error is overruled.
The judgment of the trial court is affirmed.
Boggins, J., Edwards, J., Gwin, J.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to Appellant.